## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **CONCINNITAS, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, AND SAMSUNG ELECTRONICS AMERICA, INC.**<br><br>**Defendants.** | **CIVIL ACTION NO. 2:12-CV-824**<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action for patent infringement in which Concinnitas, LLC ("Concinnitas") makes the following allegations against Samsung Telecommunications America, LLC and Samsung Electronics America, Inc. (collectively, "Defendants"):

## PARTIES

1.     Concinnitas is a limited liability company formed under the laws of the State of Texas with a principle place of business located at 104 East Houston Street, Ste. 170A, Marshall, TX 75670 USA.

2.     Defendant Samsung Electronics, USA, Inc.  ("Samsung Electronics") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung can be served via its registered agent for service of process: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

3.     Defendant Samsung Telecommunications America, LLC ("Samsung Telecom.") is a subsidiary of Samsung Electronics and a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located at 1301 E.

Lookout Dr. Richardson, Texas 75082.  Samsung can be served via its registered agent for service of process: Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4.     This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284 - 85, among others. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Upon information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6.     Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to each Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,805,542

7.     On December 4, 2001, United States Patent No. 7,805,542(the "'542 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Mobile United Attached in a Mobile Environment That Fully Restricts Access to Data Received via Wireless Signal to a Separate Computer in the Mobile Environment." A true and correct copy of the '542 patent is attached hereto as Exhibit A.

8.     Concinnitas is the owner of the '542 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '542 patent against infringers, and to collect damages for all relevant times.

9.     Defendants directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the Galaxy Note, Galaxy Note II, Galaxy S II, Galaxy S III, Rugby Smart, Captivate Glide, Rugby Pro, Ruby II, Galaxy Tab) that infringe one or more claims of the '542 patent.

## JURY DEMAND

Concinnitas hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Concinnitas requests that the Court find in its favor and against Defendants, and that the Court grant Concinnitas the following relief:

a.     Judgment that one or more claims of the '542 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or contributing to infringement of the '542 patent;

c.     Judgment that Defendants account for and pay to Concinnitas all damages and costs incurred by Concinnitas, caused by Defendants' infringing activities and other conduct complained of herein;

d.    That Concinnitas be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e.    That this Court declare this an exceptional case and award Concinnitas reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f.    That Concinnitas be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 28, 2012

Respectfully submitted,

By: /s/  *Hao Ni*

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni Law Firm, PLLC**
3102 Maple Ave., Ste. 400
Dallas, TX 75201
Telephone: 214/800-2208
Fax: 214/800-2209

**ATTORNEYS FOR PLAINTIFF**
**CONCINNITAS LLC**